UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD CHARLES GASTON,<br><br>Defendant. | No. 2:17-CR-00235 KJM<br><br><br><br>ORDER |

Defendant's motion for discovery, ECF No. 99, has been fully briefed, ECF Nos. 103 (opposition) & 104 (reply), and was heard on September 8, 2021. Defendant has entered an open plea to one count of methamphetamine distribution, and sentencing remains to be scheduled. He seeks discovery of recorded conversations between himself and a CI, involving drug transactions other than the one which forms the basis of the count to which he has pled guilty, for purposes of sentencing. Defendant argues that this information is relevant to sentencing because the other incidents may constitute uncharged relevant conduct under the advisory Sentencing Guidelines, and the defense intends to argue a species of "sentencing entrapment" based on the contents of the undisclosed conversations. Upon review of the briefs and consideration of the arguments presented at hearing, the undersigned finds and rules as follows.

Defendant relies on Rule 16(a)(1)(B), which requires disclosure upon defense request of any relevant recorded statement by the defendant that is in the government's possession, custody

1

or control.  Rule 16(a)(1)(B), Fed. R. Crim. P.  The parties dispute whether this provision applies at sentencing, or only prior and in relation to trial.  The government takes the position that all Rule 16 discovery is a trial right, and that the rule does not support disclosures for purposes of sentencing—with the exception of capital cases, in which the sentence is determined at trial.  The government's authorities in support of this proposition, however, all involve portions of Rule 16 other than the specific provision for disclosure of a defendant's own recorded statements upon which defendant relies here.  See ECF No. 103 at 2-5.  Many subsections of Rule 16 are expressly limited to those materials a party intends to offer at trial; section (a)(1)(B) is not so limited by its own terms.  Moreover, the government's authorities deal primarily with defense motions for disclosure of confidential informant identities, which is not sought here and which involves different considerations.[1]  Defendant's reliance on capital cases as a source of authority for sentencing discovery is equally inapposite in this non-capital case, in which sentencing is a judicial function and trial rights do not apply.

The question whether Rule 16(a)(1)(B), and certain other sections of Rule 16, apply at sentencing is unsettled in the Ninth Circuit and elsewhere.  See United States v. Randall, 2020 U.S. Dist. LEXIS 127633, *13-16 (D. Nev., July 20, 2020).[2]  Because the language of the rule must govern, and the language of Rule 16(a)(1)(B) is not limited—as are other portions of the rule—to information that a party intends to use in its case in chief, the undersigned finds that Rule 16(a)(1)(B) is available to defendant here.  See United States v. Carucci, 183 F.R.D. 614, 614-615 (S.D.N.Y. 1999) (Rakoff, D.J.) (granting defense motion for discovery related to sentencing under former Rule 16(a)(1)(A), on grounds that the specific provision of the rule was not limited by its terms to disclosure of government's case-in-chief evidence).

---

[1] See Roviaro v. United States, 353 U.S. 53 (1957), and progeny; ECF No. 103 (opposition) at 1 (citing Roviaro), 3-5 (citing cases involving discovery of CI identity or related information).  The court rejects the government's argument that discovery of defendant's recorded statements under Rule 16(a)(1)(B) is closely analogous to disclosure of CI identity.

[2] Defendant's other asserted basis for discovery, Brady v. Maryland, 373 U.S. 83 (1963), unambiguously applies at sentencing.  Brady, 373 U.S. at 87 (due process requires government disclosure of favorable evidence where it "is material to guilt or punishment").  Because the court finds that Rule16(a)(1)(B)'s relevance standard applies, the issue of Brady materiality need not be reached.

Accordingly, disclosure is required if the recorded statements are "relevant." Rule 16(a)(1)(B). This is not an onerous burden. Defendant has adequately articulated a theory of sentencing relevance. The legal strength and ultimate persuasiveness of defendant's sentencing theory is for the district court's future consideration. But defendant must have access to his own recorded statements for purposes of preparing his sentencing case.

In United States v. Rivas, 26 F. Supp. 3d 1082 (D.N.M. 2014), the court denied a defense motion to disclose the CI's identity for purposes of sentencing, but granted in part a motion for discovery of evidence related to three uncharged drug transactions. As to the two uncharged transactions that were not identified as relevant conduct in the PSR, the court denied the motion but stated that it would not consider the incidents at sentencing. Rivas, 26 F. Supp. 3d at 1122-1123. As to the uncharged transaction that was identified as relevant conduct, the court ordered disclosure. Id. at 1122. Here, the PSR includes two of the uncharged transactions in its description of the offense conduct. PSR, ECF No. 55, at 6. Accordingly, Rivas provides additional persuasive authority for defendant's position.[3]

At hearing, the government requested that any order for disclosure be structured like that in Rivas, which permitted the government to elect either disclosure or stipulation not to rely on the uncharged conduct. See Rivas, 26 F. Supp. 3d at 1122-1123. The court finds that such a provision would not be appropriate here. The relevance of the evidence defendant seeks is not limited to the possibility that the government might seek to use it to increase defendant's sentence. The defense has articulated affirmative mitigation value to the uncharged transactions. Accordingly, there is no justification for giving the government an alternative to disclosure.

Finally, the government contends that discovery is unavailable because a "sentencing entrapment" theory is precluded by defendant's plea, citing United States v. Briggs, 623 F.3d 724

---

[3] The evidence ordered disclosed in Rivas included defendant's statements as provided in Rule 16, but also extended to categories of evidence well beyond what defendant seeks here. See Rivas, 26 F. Supp. 3d at 1122. To the extent that Rivas limited sentencing discovery to uncharged acts that qualify as "relevant conduct" under the advisory Guidelines, the court finds that aspect of the decision inapplicable to the case at bar. Rivas was not about Rule 16(a)(1)(B). In this case as in Carucci, supra, Rule 16(a)(1)(B) requires disclosure of the defendant's own recorded statements when there is any sentencing relevance.

(9th Cir. 2010). ECF No. 103 at 1. No argument is provided in support of this conclusory assertion. In Briggs, there had been a plea agreement that specified the quantities on which the sentence was based, and as to which the defendant argued entrapment at sentencing. Accordingly, the guilty plea was flatly inconsistent with the sentencing theory, which the Court of Appeals rejected as "foreclosed." Here, there was no plea agreement and no stipulation as to sentencing-related facts beyond the factual basis for the plea itself. To the contrary, the defendant reserved certain issues for litigation at sentencing. See Carucci, supra, 183 F.R.D. at 614 (noting that plea agreement reserved issue as to which sentencing discovery was sought). Accordingly, Briggs does not apply.

For the reasons explained above, IT IS HEREBY ORDERED that defendant's motion for discovery, ECF No. 99, is GRANTED. The United States shall make the disclosures sought by the motion within seven days of this order.

IT IS SO ORDERED.

DATED: September 10, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE