UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:17-cr-00235-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Edward Gaston, | |
| Defendant. | |

Defendant Edward Gaston moves pro se for early termination of his term of supervised release. As explained in this order, the court **grants** his motion.

I.  BACKGROUND

In 2017, a grand jury returned an indictment charging Mr. Gaston in a single count with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and making a forfeiture allegation under 21 § U.S.C. 853(a). *See* Indictment, ECF No. 9. Mr. Gaston entered a not guilty plea, and after several status conferences and two substitutions of defense counsel, filed a motion to dismiss. *See* ECF Nos. 12, 15, 16, 18, 20–23, 35, 38. While the motion to dismiss was pending, defendant notified the court he wished to enter an open plea, without an agreement with the government. *See* ECF Nos. 45–46. Following a thorough Rule 11 colloquy, the court accepted his plea and adjudged him guilty of the sole count in the indictment. ECF Nos. 46-47. The Probation Office prepared a Presentence Investigation Report (PSR) for the court, ECF No.

1

55 (sealed), following which defendant sought to have his counsel relieved for ineffective assistance, ECF No. 61.  Counsel sought a competency evaluation, ultimately clarifying she did so for sentencing mitigation purposes.  ECF Nos. 68, 69.  The COVID-19 pandemic contributed to multiple further continuances, after which defendant's counsel, who had not been relieved, filed a motion for discovery, which the magistrate judge granted.  ECF Nos. 99, 103, 104, 106.  Counsel then filed a motion to withdraw Mr. Gaston's plea, ECF No. 118, 125, which the court resolved by clarifying that Mr. Gaston's plea did not subject him to a mandatory minimum sentence under 21 U.S.C. § 841 for offenses involving more than 50 grams of actual methamphetamine.  ECF No. 134.  The government sought reconsideration, which the court denied.  ECF Nos. 136, 156.  The Probation Office prepared a revised PSR, the court held multiple hearings regarding sentencing, ECF Nos. 159, 164, and ultimately sentenced Mr. Gaston to 64 months' imprisonment with 60 months of supervised release to follow.  ECF Nos. 169.  The court noted on the docket its reasons for departing and varying downward, ECF No. 171 (summary statement of reasons), including that Mr. Gaston's most recent prior conviction was approximately 11 years old and he had demonstrated significant pre-sentencing rehabilitation, and entered judgment, ECF No. 170.  The government and Mr. Gaston both appealed, ECF Nos. 174, 177, and the Ninth Circuit Court of Appeals affirmed this court's entry of judgment, ECF Nos. 195, 196.

     Mr. Gaston began serving his term of supervised release on September 26, 2022.  ECF No. 197 at 2; ECF No. 199 at 2.  He filed his motion for early termination of supervised release on September 8, 2025, having completed about three years of his five-year term.  ECF No. 197.  In his motion, Mr. Gaston argues he has "fully complied with all conditions of [his] supervised release," and "has abandoned a criminal mindset and will not reoffend."  *Id*. at 2-3.  He represents he has secured a stable residence, and is raising three of his minor children, including two with autism.  *Id*. at 3.  He says he "has continuously demonstrated respect for the law," and after suffering a work-related injury obtained a workers' compensation settlement.  *Id*.  He has started his own business and otherwise been lawfully employed.  *See id*.  He also has participated in events organized by the court's pretrial services and probation offices, sharing information with

2

others on how he has succeeded following service of sentence. *Id.* Fundamentally, he argues his continued supervision "is no longer necessary to protect the public and serve the interests of justice." *Id.* Given that one of his minor children now resides out of state, "terminating probation would make it easier to travel back and forth without unnecessarily utilizing government resources." *Id*.

The government opposes Mr. Gaston's motion. *See generally* Opp'n, ECF No. 199. It points to the seriousness of his conviction offense in this case, as well as his criminal history. *Id*. at 1-2, 3–4. It also argues that, against this backdrop, Mr. Gaston does not meet his burden to show his conduct while on supervised release support early termination, given a period unemployment without notification to his supervising Probation Officer, his reluctance "to provide any information about how he is paying for rent" at his current residence." *Id.* at 4.

In reply, Mr. Gaston objects to the government's reliance on his conviction offense and prior criminal history, which he says is long behind him. *See generally* Reply, ECF No. 201. He underscores his "sixteen-month voluntary cessation from criminal activity prior to arrest [in this case] and his self-rehabilitation." *Id.* at 2. And he notes that his period of unemployment stemmed from a serious work-related foot injury, and represents that the Probation Officer was aware of the injury. *Id.*

The court held hearings on Mr. Gaston's motion on October 21 and November 4, 2025, at which Nicole Vanek appeared for the government, Mr. Gaston appeared representing himself, and Probation Officer Shaheen Shan also appeared. Mins. Mot. Hr'g, ECF Nos. 202, 207. At the first hearing the court heard from the parties, and clarified certain things with the Probation Officer. Given the unanswered questions regarding Mr. Gaston's ability to pay his current rent, the court continued the hearing to allow Mr. Gaston an opportunity to provide Officer Shan with a copy of his current lease and information on the source of his rent payments, with the understanding the officer would treat all of the information as confidential. Before the second hearing, Mr. Gaston filed additional documents, which the court has carefully considered. ECF Nos. 203, 204, 205, 206. At the second hearing, the Probation Officer reported she had received the lease but did not

3

have information on the rent payments.[1]  The court heard again from the parties, and then indicated it would personally review Mr. Gaston's confidential file maintained by the Probation Officer in order to independently assess the totality of the record as relevant to Mr. Gaston's performance on supervised release.

The court did not convene an evidentiary hearing; nor did any party request such a hearing.  The court took the matter under submission and indicated it would issue a written order, letting the parties know if it required further information from either of them.

The court has now reviewed Mr. Gaston's file maintained by the Probation Office, and Probation Officer Shan has provided the court with a further report regarding additional information Mr. Gaston has provided following the court's second hearing.  The court concludes it now has sufficient information to resolve Mr. Gaston's motion.

## II.    LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release after one year if "warranted by the conduct of the defendant released and the interest of justice."  The court has "discretion to consider a wide range of circumstances." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  Several factors guide that discretion: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)).

---

[1] On the day the court was finalizing this order, the probation officer provided information she identified as verification of current employment, which she received from Mr. Gaston earlier that same day.  The court has reviewed that information, which further supports the conclusions it reaches here to grant Mr. Gaston's motion.

Overall, these factors concern "general punishment aims such as deterrence, rehabilitation, and proportionality." *United States v. Bainbridge*, 746 F.3d 943, 948 n.3 (9th Cir. 2014) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). The Ninth Circuit has clarified that "exceptional or extraordinary circumstances" are not prerequisites to relief, *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), nor is a showing of undue hardship, *Emmett*, 749 F.3d at 819. It is the defendant's burden to show early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). The district court, in turn, has a "duty to explain" its decision. *Emmett*, 749 F.3d at 820. Because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice,' [it is] clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 819 (citation omitted). It is not necessary to "tick off each of the relevant § 3553(a) factors." *Id.* at 822 (alterations omitted) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)). The court must ensure the record "as a whole" contains "an explanation that would permit meaningful appellate review and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard." *Id.*

## III. DISCUSSION

After careful consideration, the court concludes the factors above weigh in favor of early termination. Although Mr. Gaston's offense conduct was serious, his pretrial detention, conviction, incarceration and more than three years of supervised release have provided sufficient deterrence. His presentence rehabilitation began before his apprehension in this case and his conduct has comported with that rehabilitation during his supervised release. He has incurred no new law violations – meaning his last criminal conduct occurred in August 2016, more than nine years ago. After a period of homelessness, through which he persevered and obtained employment, he has obtained stable housing for himself and three of his minor children. After recovering from his work-related injury he has secured new employment and has plans to grow his own business and continue supporting his minor children. There is no indication more is needed to further his rehabilitation or protect the community from harm. While he has resisted at times providing all the information his Probation Officer requested in order to confirm the terms

of his residential lease and his means of paying his rent, he ultimately has provided sufficient information to allow the court to verify his representations and that he has the resources to pay his rent with funds lawfully acquired. The court's review of Mr. Gaston's probation file confirms all of the foregoing. And the court has confirmed with the Probation Officer that at this point Probation does not oppose early termination of Mr. Gaston's term of supervised release.

The court also has considered the Judicial Conference's policy of supporting early termination after 18 months of supervised release. *See* 8E Guide to Judiciary Policy § 360.20(c) (2018). The Judicial Conference has recommended a presumption of early termination for defendants who meet the following criteria:

(1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;

(2) The person presents no identified risk of harm to the public or victims;

(3) The person is free from any court-reported violations over a 12-month period;

(4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;

(5) The person is in substantial compliance with all conditions of supervision; and

(6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

8E Guide to Judiciary Policy § 360.20(c).[2]

Mr. Gaston does not qualify for the presumption of early termination that arises under this policy, because at the time of sentencing, he was deemed a career criminal under the sentencing guidelines, PSR at 7-8, 12 (applying 4B1.1(a) and (b)(2)); his criminal history would have placed him in a Criminal History category VI even if he were not a career criminal, *id.* at 12. But he satisfies the other five criteria the policy sets out, and he does not need the presumption to succeed on his motion under the applicable statutory factors. *See Emmett*, 749 F.3d at 819

---

[2] A copy of this document is available on the website of the U.S. Courts at https://www.uscourts.gov/sites/default/files/guide-vol08e.pdf (last visited Nov. 10, 2025)

6

(noting district court's wide discretion to consider range of circumstances in deciding early termination motion). The court finds Mr. Gaston's successful completion of supervised release to date signals that his future risk of harm to the public is low. He has not violated any term of his supervised release, and his commitment to his children reflects prosocial instincts. He has successfully managed his life for three years in circumstances that, to all appearances, will continue after his supervised release ends. He may have chafed at times under the authority the court and its probation office exercised over his conduct on supervised release, and the court observes he might want to take care so as not to allow his feelings toward authority figures to overcome his ability to continue living a fully law abiding life in which he takes full responsibility for himself and his children. That said, viewing his record objectively, particularly his record beginning some time before his arrest in this case and continuing to the present day, the court finds he has met his burden of demonstrating his motion should be granted.

## IV.   CONCLUSION

The motion for early termination (ECF No. 197) is **granted**.

IT IS SO ORDERED.

DATED: November 12, 2025.

SENIOR UNITED STATES DISTRICT JUDGE